**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SABIN NATO BARTO, | DOCKET NUMBER |
| Appellant, | DE-0752-25-0025-I-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR, | DATE: April 23, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sabin Nato Barto, Jacksonville, Florida, pro se.

Vincent Alexander, Esquire, Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction.[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Although the appellant filed his petition for review via e-Appeal 4 days after the December 19, 2024 deadline, the appellant asserts that he first filed his petition for review with the Denver Field Office on December 19, 2024, via facsimile transmittal, and submits documentation to support that assertion. Petition for Review (PFR) File, Tab 5 at 3-4, 6-7. The Board deems a petition for review mistakenly filed with a regional or field office within the filing deadline to be a timely filed petition for review.

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Pursuant to 5 U.S.C. § 7511(a)(1)(B), individuals, such as the appellant, who are preference eligible and appointed to a position in the excepted service meet the definition of employee under 5 U.S.C. chapter 75 and thus have Board appeal rights if they have completed 1 year of current continuous service in the same or similar positions in an Executive agency or the U.S. Postal Service or Postal Rate Commission.[3] *See Maibaum v. Department of Veterans Affairs*,

---

*See, e.g.*, *Coles v. U.S. Postal Service*, 105 M.S.P.R. 516, ¶ 12 (2007). Accordingly, we find the appellant's petition for review to be timely filed.

[3] In the acknowledgment order, the administrative judge set forth the standard for establishing jurisdiction over a probationary termination appeal for individuals appointed to the competitive service, but not the excepted service. Initial Appeal File (IAF), Tab 2 at 2-5. An administrative judge's failure to provide an appellant with proper jurisdictional notice may be cured if the agency's pleadings contain the notice that was lacking in the acknowledgment order or later show cause orders, or if the initial decision itself puts the appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden on petition for review. *Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶ 8 (2007) (citations omitted). Both the agency's response to the acknowledgment order and the initial decision set forth the appropriate jurisdictional

116 M.S.P.R. 234, ¶ 9 (2011).  On review, the appellant does not dispute that he was formally appointed to his position effective September 24, 2023, and terminated effective September 19, 2024.  Initial Appeal File (IAF), Tab 5 at 20-24, 27-28.  Instead, for the first time on review, he argues that because he completed a training course on September 19, 2023, at the direction of his supervisor, he was working for the agency before September 24, 2023, and thus completed 1 year of current continuous service.[4]  Petition for Review (PFR) File, Tab 1 at 5.

Under 5 U.S.C. § 2105(a), a Federal employee is an officer or an individual who is (1) appointed in the civil service by an authorized individual acting in an official capacity; (2) engaged in the performance of a Federal function under authority of law or an Executive act; and (3) subject to the supervision of an individual named in paragraph (1) of this subsection[5] while engaged in the performance of the duties of his position.  The appellant must show that he satisfied all three requirements before his service and, it follows, his period of

standard for individuals appointed to the excepted service.  IAF, Tab 5 at 8-11; IAF, Tab 7, Initial Decision at 4.  Thus, any error with respect to notice has been cured.

[4] The appellant also attaches an email from his supervisor, dated September 12, 2023, directing the appellant to complete the training course as soon as possible, and a certificate of completion, dated September 19, 2023, evidencing that the appellant completed the training course.  PFR File, Tab 1 at 12-14.  Pursuant to 5 C.F.R. § 1201.115(d), the Board will not consider argument or evidence that is submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (explaining that the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable despite the party's due diligence).  The appellant has not argued or otherwise shown that the argument or documents were unavailable to him before the record closed.  In any event, as discussed in the text, the appellant's evidence and argument does not establish Board jurisdiction.

[5] Paragraph (1) lists the incumbent of various positions, such as the President, a Member or Members of Congress, a member of a uniformed service, and individuals who themselves are employees.  5 U.S.C. § 2105(a)(1).

probation may be considered to have commenced. *Hintz v. Department of the Army*, 21 F.3d 407, 410 (Fed. Cir. 1994).

In *Hintz*, 21 F.3d at 408-10, the U.S. Court of Appeals for the Federal Circuit considered whether an individual was terminated during his probationary period when, prior to the effective date of his appointment, he had attended meetings and engaged in other work-related activities. The Federal Circuit agreed with the Board's finding that the individual's performance of work-related activities was insufficient to establish that he was authorized to assume duties prior to his October 7, 1991 appointment date given that his official documentation, including his offer letter and Standard Form 50 (SF-50), listed October 7, 1991 as his appointment date, and there was no evidence that he was compensated for any duties performed prior to October 7, 1991. *Id.* at 410. Accordingly, the court found that the employee's probationary period began on the effective date of his appointment and not when he began performing any work. *Id.*

Here, both the appellant's offer letter and his SF-50 list his appointment date as September 24, 2023. IAF, Tab 5 at 27-29. Furthermore, there is no evidence that the appellant was paid for any duties he performed prior to September 24, 2023, nor is there any other evidence establishing that he was authorized to assume duties prior to September 24, 2023. Therefore, while we do not believe it was best practice for the agency to assign the appellant a task prior to his start date, we nevertheless find that the appellant's probationary period began on the effective date of his appointment, i.e., September 24, 2023. As the appellant was terminated effective September 19, 2024, he did not have 1 year of current continuous service, and thus the Board does not have jurisdiction over his probationary termination appeal.

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____

*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.